

Jennie Woltz, Esq.
Benjamin Folkinshteyn, Esq.*
*admitted in NY, NJ & DC
P.O. Box 3111 | Stamford CT 06905
p203.276.0792
jwoltz@wfpclaw.com | bfolkins@wfpclaw.com

September 10, 2025

**VIA ECF**

The Honorable Justin T. Quinn
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

> **Re:** ***McClure v. Johnson & Johnson, et al.*, Civ. Action No. 3:24-CV-09139**
> **Update re: Motion for Alternative Service**

Dear Judge Quinn:

This letter is intended to respectfully provide a factual update to Your Honor in connection with Plaintiff's Motion for Alternative Service on Defendant Johnson & Johnson (China) Investment Ltd. ("J&J China") in which the opening brief was filed on May 27, 2025 (hereinafter, the "Motion"). *See ECF Dkt. No 36.* As set forth in the supporting Declaration of Benjamin Folkinshteyn, Esq., which accompanied the memorandum of law in connection with the Motion, Plaintiff retained Ancillary Legal to effectuate service of process pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") on Defendant J&J China on or about May 2, 2025. Ancillary Legal informed Plaintiff that all of the relevant documents and service paperwork had been forwarded to China's Central Authority for approval on or about May 16, 2025. China's Central Authority accepted the paperwork on or about May 21, 2025.

Now, almost four months later, China's Central Authority has yet to give any indication to Ancillary Legal or Plaintiff as to the status of his attempted service abroad under the Hague Convention. Ancillary Legal has been regularly following up with China's Central Authority to no avail.

This delay gives further credence to Plaintiff's Motion and undercuts Defendant Johnson & Johnson's position that alternative service is unwarranted. Importantly, Defendant Johnson & Johnson has not only objected to alternative service on behalf of its subsidiary, but also asserted the right to enforce an alleged dispute resolution provision between Plaintiff and Defendant J&J China as a third-party beneficiary, which actions this Court should take into account in making a determination on Plaintiff's Motion. *See, e.g., Stingray IP Sols. LLC v. Signify N.V., et al.*, 2021 U.S. Dist. LEXIS 259804, at *12 (E.D. Tex. 2021) (multiple attempts to inform foreign defendant coupled with parent company's "active role in objecting to service on behalf of its foreign subsidiaries" supports a motion for alternative service) *Farrell v. Burke*, 449 F.3d 470, 494 (2nd Cir. 2006) ("Federal courts as a general rule allow litigants to assert only their own legal rights and interests, and not the legal rights and interests of third parties."); *SEC v. Lines*,

**The Honorable Justin T. Quinn**
**September 10, 2025**
**Page 2**

2009 U.S. Dist. LEXIS 69855, at *7 (S.D.N.Y. 2009), *citing Farrell v. Burke, supra* ("Litigating Defendants do not explain why they have standing to raise claims on the Unserved Defendants' behalf").

Plaintiff respectfully requests that Your Honor consider the foregoing update when deciding the previously filed Motion for Alternative Service.

Very truly yours,

Benjamin Folkinshteyn

cc:     Counsel for Defendant Johnson & Johnson (via ECF)